# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-25133-Civ-SCOLA/TORRES

RELIABILL SOLUTIONS, LLC, a
Delaware limited liability company,

    Plaintiff,

v.

NOVA VITAE TREATMENT CENTERS,
INC. a California corporation,

    Defendant.
_____/

## REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT

This matter is before the Court on Reliabill Solutions, LLC's ("Plaintiff") motion for final default judgment against Nova Vita Treatment Centers, Inc. ("Defendant" or "Nova"). [D.E. 14]. No response was filed in opposition to the motion and the time to do so has passed. Therefore, Plaintiff's motion is now ripe for disposition. Based on a review of the motion and the underlying record in this case, we recommend that Plaintiff's motion be **GRANTED in part** and **DENIED in part**.[1]

---

[1] On March 24, 2020, the Honorable Robert N. Scola referred Plaintiff's motion for final default judgment to the undersigned Magistrate Judge for disposition. [D.E. 18].

## *I. BACKGROUND*

Plaintiff is a company that specializes in medical billing and revenue cycle management solutions for mental health and substance use disorder treatment providers throughout the United States. On June 3, 2019, Plaintiff and Nova entered into a contract where Plaintiff agreed to verify insurance benefits for patients, conduct utilization reviews, process claims, collect receivables, and bill Nova's patients. After the parties executed the contract in Delray Beach, Florida, Plaintiff began performing these services and, in return, the contract required Nova to remit a portion of these payments back to Plaintiff as payment. Plaintiff claims that, when Nova received these benefits, it suddenly stopped paying for Plaintiff's services and kept all of the proceeds for itself.[2]

In October 2019, Plaintiff demanded payment for an invoice that totaled approximately $8,600 but Nova refused to comply. Nova then breached the underlying contract when it refused to provide the "information regarding patients and their insurance coverage to Reliabill[.]" [D.E. 14 at 3]. Shortly thereafter, Plaintiff filed this action on December 12, 2019 [D.E. 1] for breach of contract and filed an amended complaint on December 20, 2019. Plaintiff served Defendant with the amended complaint on January 3, 2020 and filed a verified return of service on

---

[2]   Although Plaintiff is a Delaware limited liability company and Nova is a California corporation, Plaintiff alleges that the Court has personal jurisdiction over Nova because (1) Nova operated, conducted, engaged in, and carried on a business in Florida and Plaintiff's causes of action arises from this activity, (2) Nova executed and breached a Florida contract, and (3) Defendant appointed Plaintiff as its exclusive agent for Florida in the processing and collection of Defendant's insurance claims.

2

February 10, 2020. [D.E. 8-1]. Nova failed, however, to answer or otherwise defend this case. The clerk then entered default against Defendant on February 11, 2020 and Plaintiff now seeks $484,757.27 for the unpaid invoice, liquidated damages, fees, and costs.

## *II. APPLICABLE PRINCIPLES AND LAW*

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant so long as the defendant is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206) (5th Cir. 1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

3

do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). An evidentiary hearing on the appropriate amount of damages is not required by Rule 55, and it is within the Court's discretion to choose whether such a hearing should takes place. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011).

### *III. ANALYSIS*

Plaintiff seeks final default judgment in the amount of $484,757.27.[3] This includes $8,627.32 for the payment of an outstanding invoice, $13,964.46 in fees and costs, and $470,792.81 in liquidated damages. These damages are all related to Nova's breach of the underlying contract.

---

[3] The amount Plaintiff seeks to recover noticeably changes throughout its motion. Plaintiff initially seeks $505,647.28 and then changes that number to $470,792.81. We assume that the total sought is the latter because that is the correct amount when considering the relief requested.

Under Florida law, the elements of a breach of contract claim are (1) a valid contract, (2) a material breach, and (3) damages. *See Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)). "A 'material breach' of a contract is a failure, without legal excuse, to perform any promise or obligation or that goes 'to the essence of the contract.'" *Oriole Gardens Condos., III v. Indep. Cas. & Sur. Co.*, 2012 WL 718803, at *11 (S.D. Fla. Mar. 6, 2012) (quoting *Covelli Family, LP v. ABG5, LLC*, 977 So. 2d 749, 752 (Fla. 4th DCA 2008); *Beefy Trail, Inc. v. Beefy King Int'l, Inc.*, 267 So. 2d 853, 857 (Fla. 4th DCA 1972)). An injured party in a breach of contract is entitled to recover those damages that "naturally flow from the breach and can reasonably be said to have been contemplated by the parties at the time the contract was entered." *Mnemonics, Inc. v. Max Davis Assocs., Inc.*, 808 So. 2d 1278, 1280 (Fla. 5th DCA 2002).

Plaintiff has met each of these elements because the complaint alleges that the parties entered into a contract in Delray Beach, Florida and that Plaintiff performed medical billing services for Nova. The complaint also states that Defendant breached that contract – for no apparent reason – and that Plaintiff suffered damages as a result. Because Plaintiff has met each element of a breach of contract claim, we turn to Plaintiff's request for damages.

First, Plaintiff seeks $8,627.32 in compensatory damages because Nova failed to pay an invoice as required in October 2019. Plaintiff's request is well taken because, after the parties executed the contract, Plaintiff alleges that Nova failed to

compensate Plaintiff for an invoice that it submitted for payment.[4] Because Plaintiff's well-pleaded allegations are taken as true and Nova failed to pay an outstanding invoice as required under the contract, Plaintiff's motion for damages in the amount of $8,627.32 should be **GRANTED**. *See Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) ("[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought.").

Next, Plaintiff seeks $13,964.46 in attorneys' fees and costs. Plaintiff relies primarily on section 10(k) of the contract where it states that "[t]he prevailing party in any dispute arising out of or related to the Master Document or any other matters between the parties shall be awarded reasonable attorneys' fees and costs." [D.E. 6-1 at 7]. The problem with Plaintiff's request is that it failed to submit any time sheets of the fees requested or an enumerated breakdown of its costs. Plaintiff also seeks a billing rate for three separate attorneys, yet failed to provide their respective levels of experience or any argument in support thereof. Without this information, the Court has no way of determining if the fees and costs requested are reasonable. Plaintiff's motion for final default judgment as to the fees and costs is therefore

---

[4] Nova included the outstanding invoice as an attachment to its motion for default judgment. [D.E. 6-2].

**DENIED** with leave to file a renewed motion for default judgment that includes the information referenced above.

The final issue is Plaintiff's motion for $470,792.81 in liquidated damages. Plaintiff relies on section 6(b) of the contract because it provides a remedy if Nova terminates the agreement without providing written notice of 180 days:

> In the event that . . . Provider [Nova] elects to terminate this Agreement early, without respecting the termination provision in Paragraph 6. Section A, then Provider shall pay, as liquidated damages, a termination fee equal to (i) the greater of [(a) the most recent previous full month's total invoice for service prior to the termination date multiplied by 6 or (b) the average of the previous 3 full month's invoice totals multiplied by 6], *plus* (ii) 50% of the outstanding receivables due to Provider for any billings submitted by ReliaBill within the last 120 days immediately preceding The Provider's Written Notice Of Termination but not yet paid, plus the amount provided in paragraph 3 hereof for any additional payments made before The Effective Date Of Termination. The parties agree that this amount has been reviewed and found to be a reasonable estimate to serve as liquidated damages to be submitted before binding arbitration as described above due to the difficulty in estimating actual damages. Provider agrees it may not challenge this liquidated damage provision as being unreasonable, and Provider agrees it will not contest an order entering a judgment in this amount without delay and will not present any defenses or counterclaims.

[D.E. 6-1 at 5] (emphasis added). This provision was later amended so that the multiplier in section 6(b) was reduced from 6 to 3. [D.E. 6-1 at 2].

Plaintiff argues that, pursuant to this formula, the previous 3 full month's invoice totals were $3,413, $8,627, and $8,850 for an average of $6,963.33. When this amount is multiplied by 3, the total equals $20,889.99. Plaintiff then states that 50% of the outstanding receivables due for any billings submitted within the last 120 days preceding the notice of termination was $441,275.50. When these

totals are added together (i.e. $20,889.99 and $441,275.50), Plaintiff requests a total of $462,165.49.

A default judgment can be entered on liquidated damages without further proof of damages. *See Paramo v. Floyd,* 154 So. 3d 477, 478 (Fla. 2d DCA 2015). Liquidated damages are those that "can be determined with exactness from the cause of action as pleaded." *Matejka v. Dulaney,* 40 So. 3d 865, 866 (Fla. 4th DCA 2010) (quoting *Bowman v. Kingsland Dev., Inc.,* 432 So. 2d 660, 662 (Fla. 5th DCA 1983)). "When the complaint alleges only general damages without demanding a specific amount" and a default judgment is entered, "damages are deemed unliquidated." *Watson v. Internet Billing Co.,* 882 So. 2d 533, 534 (Fla. 4th DCA 2004) (citations omitted). A hearing is required on claims for unliquidated damages even where a party has been defaulted. *See Medcom USA, Inc. v. Ryder Homes & Groves Co.,* 847 So. 2d 594, 596 (Fla. 2d DCA 2003). Whether the damages are liquidated by the complaint is a question of law. *See Talbot v. Rosenbaum,* 142 So. 3d 965, 967 (Fla. 4th DCA 2014).

"It is well settled that in Florida the parties to a contract may stipulate in advance to an amount to be paid or retained as liquidated damages in the event of a breach." *Lefemine v. Baron,* 573 So. 2d 326, 328 (Fla.1991). In *Hyman v. Cohen,* 73 So. 2d 393, 401 (Fla. 1954), the Florida Supreme Court established a two-prong test as to when a liquidated damages provision will be upheld and not stricken as a penalty clause. First, the damages resulting from a breach must not be readily ascertainable. *See id.* Second, the sum stipulated to be forfeited must

8

not be so grossly disproportionate to any damages that might reasonably be expected to follow from a breach as to show that the parties could have intended only to induce full performance, rather than to liquidate their damages. *Id.*

Plaintiff argues that the extent of its loss is not ascertainable because of "the initial investment that the Plaintiff had to make in boarding the Defendant, and the fact that the Defendant's breach resulted in a loss of incalculable future revenue that the Plaintiff would have derived from using its work product, including, among other things its unique billing code combinations, which the Defendant can now use without paying the Plaintiff." [D.E. 14 at 10]. Plaintiff's argument is unpersuasive, in many respects, because it is too conclusory. Plaintiff only devotes, for example, two substantive sentences in its motion on how the damages requested are not readily ascertainable. And even in those two sentences, Plaintiff does not make clear how the damages requested are unascertainable when Plaintiff states that the amount sought is reasonable in light of the outstanding receivables that Nova failed to pay. This suggests – contrary to Plaintiff's representation – that the damages are ascertainable because Plaintiff is aware of the services it rendered and the compensation that should have flown from them.

Plaintiff also fails to explain how its damages are unascertainable because of its initial investments. That is, irrespective of whether there was a breach of contract, there is no connection between Plaintiff's initial investments and the damages sought. Those investments were already taken into account when the parties agreed to the contractual relationship. Plaintiff then states that there is a

9

loss of incalculable future revenue because Defendant gained knowledge of Plaintiff's unique billing codes. But, this argument is a swing and a miss because it fails to explain how that makes Plaintiff's damages unascertainable. Defendant was going to gain knowledge of Plaintiff's billing codes whether it breached the contract or not, and Plaintiff took that risk when it entered into the agreement. Plaintiff also fails to explain what it considers to be "future revenue" when the contract only required written notice of 180 days. Therefore, without any other clarity and Plaintiff's implied recognition that its damages are ascertainable, Plaintiff's motion for $462,165.49 in liquidated damages should be **DENIED**.

Putting aside these problems, Plaintiff's motion fails to meet the second prong because there is insufficient evidence that the amount sought is not grossly disproportionate to the damages reasonably expected to flow from the breach. Plaintiff requests $462,165.49 because this takes into account Plaintiff's investments, future revenue, and receivables. But, for the reasons already stated, there is nothing in the contract that Plaintiff points to that allows it to recover its initial investments. Plaintiff also relies on an amorphous expectation of future revenue, but fails to recognize that the agreement could have been terminated with written notice of 180 days. And "[p]arties may not . . . use such stipulated damages provisions as a way to secure for themselves greater damages in the event of a breach than contract law would normally allow." *MCA Television Ltd. v. Pub. Interest Corp.*, 171 F.3d 1265, 1271 (11th Cir. 1999) (citation omitted). This means that – while Plaintiff may have generated substantial revenue to the point that Nova

properly terminated the contract – the amount requested does not take that limitation into account. Instead, Plaintiff seeks to recoup a windfall for future revenue without any consideration of when the contract could have been properly terminated. Because the liquidated damages clause constitutes a penalty for this additional reason, Plaintiff's motion for $462,165.49 in liquidated damages should be **DENIED**.

## *IV. CONCLUSION*

Based on the uncontested facts, we hereby **RECOMMEND** that Plaintiff's motion for final default judgment [D.E. 14] be **GRANTED in part** and **DENIED in part**:

A. Plaintiff's motion for $8,627.32 in compensatory damages should be **GRANTED**.

B. Plaintiff's motion for $462,165.49 in liquidated damages should be **DENIED**.

C. Plaintiff's motion for $13,964.45 in fees and costs should be **DENIED** with leave to renew.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual

or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 20th day of May, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge