United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Reliabill Solutions, LLC, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-25133-Civ-Scola |
| Nova Vitae Treatment Centers Inc., | ) |
| Defendant. | ) |

## Order Adopting Report and Recommendation and Granting Default Judgment

The Court referred Plaintiff Reliabill Solutions, LLC's motion for the entry of a default judgment against Defendant Nova Vitae Treatment Centers Inc. to United States Magistrate Judge Edwin G. Torres for a report and recommendation. (Order, ECF No. 18.) On May 20, 2020, Judge Torres issued a report and recommendation, recommending that the Court grant Reliabill's motion in part and deny it in part. (Rep. & Rec., ECF No. 19.) Reliabill timely objected to the report, complaining Judge Torres erred in recommending that the Court decline to award damages to Reliabill under an unenforceable liquidated damages clause within the parties' contract. The Court has reviewed—de novo—the entirety of Judge Torres's report, the record, and the relevant legal authorities and **adopts** his recommendations and his report, in large part (**ECF No. 19**), thus **granting** Reliabill's motion (**ECF No. 14**), **in part**, and **denying** it, **in part**.

Reliabill specializes in medical billing and revenue cycle management solutions for mental-health and substance-use-disorder treatment providers throughout the United States. Reliabill and Nova executed a contract, in June 2019, under which Reliabill agreed to verify insurance benefits for patients, conduct utilization reviews, process claims, collect receivables, and bill Nova's patients. Under the parties' contract, part of Reliabill's compensation was calculated based on a percentage of receivables Nova collected each month. Upon Reliabill's submission of an invoice for $8,627.32, dated September 30, 2019, however, Nova stopped paying, breaching the parties' contract. Nova also breached the contract when it refused to provide certain information regarding its patients and their insurance coverage to Reliabill.

Thereafter, Reliabill initiated this lawsuit, on December 12, 2019, serving Nova on January 3, 2020.[1] Nova failed to answer or otherwise defend itself in

---

[1] The Court notes the parties' agreement contains an arbitration clause. It is unclear whether this clause applies to the instant dispute. Reliabill says it does not. (Am. Compl. at 5, n. 2.)

this case and a clerk's default was entered on February 11, 2020. Reliabill has now moved for final default judgment, seeking (1) the $8,627.32 due under the outstanding invoice; (2) liquidated damages in the amount of $462,165.49; and (3) attorneys' fees in the amount of $13,964.46. (Pl's Mot. at 14.))

After a thorough review of Reliabill's motion and the record in this case, Judge Torres determined Reliabill was certainly entitled to a default judgment regarding the unpaid invoice. Conversely, Judge Torres concluded Reliabill had failed to provide sufficient documentation regarding its fee request. Judge Torres, therefore, recommended denying judgment with respect to the fees and costs with leave to refile a renewed motion in that regard. Reliabill does not object to either of these determinations.

Upon evaluation, Judge Torres also recommended denying Reliabill's request for an award of $462,165.49 in liquidated damages. In his analysis, Judge Torres concluded (1) Reliabill failed to establish that its damages are unascertainable; and (2) the amount Reliabill seeks in liquidated damages is grossly disproportionate to the damages reasonably expected to flow from the breach. Reliabill objects to both findings. Because the Court agrees with Judge Torres that the liquidated damages Reliabill requests are grossly disproportionate to the damages Reliabill could have expected to flow from the breach of the contract, it adopts his recommendation on that basis.

In its motion for default judgment, Reliabill correctly acknowledges "[a] liquidated damages provision in a contract is enforceable so long as (1) damages as a result of the breach were not readily ascertainable at the time of the contract and (2) the sum stipulated is not grossly disproportionate to any damages that might reasonably be expected to flow from the breach." (Pl.'s Mot. at 10 (quoting *EBSCO Gulf Coast Dev., Inc. v. Salas as Tr. of Salas Children Tr. dated September 28, 2009*, 3:15-CV-586/MCR/EMT, 2018 WL 7288764, at *11 (N.D. Fla. Aug. 1, 2018).) "Otherwise," explains Reliabill, the clause "is a penalty and unenforceable." (Pl.'s Mot. at 10 (quoting *EBSCO Gulf Coast Dev.*, 2018 WL 7288764, at *11).) The only support Reliabill provides for its position that the second prong is satisfied, however, is that "in light of the amount of the outstanding receivables, the expectation of continuing to do business, and the amount that had been billed but not paid, $470,792.81 is not grossly

---

Regardless, the Court does not find the arbitration clause here would, in any event, oust the court's jurisdiction over this case. "The right to arbitrate is a creature of contract, and as with other contractual rights, the right to arbitrate may be waived by the parties." *Camber Corp. v. Viatech, Inc.*, 5:16-CV-00484-MHH, 2017 WL 6406483, at *3 (N.D. Ala. Dec. 15, 2017). This case has been pending since December 2019, Nova has had notice of it since January 2020, and neither party has sought to enforce the arbitration clause while litigation has proceeded. The Court finds, therefore, that the arbitration clause does not affect Reliabill's entitlement to a default judgment.

disproportionate to any damages that might reasonably be expected to flow from the Defendant's breach." (Pl.'s Mot. at 10.) This is insufficient as well as at odds with the factual allegations in this case.

First, the agreement here provides for either party to terminate the contract, "at any time, with or without cause," upon ninety-days' notice. (Pl.'s Objs. at 4 n. 1; Am. Compl., Ex. A, ECF No. 6-1, 2, 4.) Thus, at any given moment, while the contract was in effect, the most Reliabill could have expected was income for the following three months. In its motion for default judgment, Reliabill submitted an affidavit establishing that, for the three months prior to the breach, Reliabill submitted invoices for $3,413, $8,627, and $8850. (Pl.'s Mot., Ex. 1, ECF No. 14-1, 4 n. 1.) It is inconceivable, then, that Reliabill would have invoiced Nova, for the three months following the breach, for anything even remotely approaching the $462,165.49 it now seeks had Nova not breached. Even if Reliabill reasonably projected its monthly income to double for those next three months, the amount it now seeks is an order of magnitude beyond even that generous estimate. Furthermore, Reliabill has not alleged nor come forward with any evidence that would even allow the Court to estimate what Reliabill's income would have been for the three months following the breach. Accordingly, the Court has no trouble concluding the liquidated damages clause here is unenforceable: to allow such an astronomical award in light of the allegations and the evidence presented would be unconscionable.[2] *See, e.g.*, *Bruce Builders, Inc. v. Goodwin*, 317 So. 2d 868, 870 (Fla. 4th DCA 1975) (finding a "loss of a $30,000 deposit on a $95,000 contract [to be] unconscionable" while finding the following tolerable: "retention of a $3,000 deposit on a $30,000 contract"; "forfeiture of a $1500 deposit on a $10,440 contract"; and losing 4% on a $173,800 contract); *see also Hot Developers, Inc. v. Willow Lake Estates, Inc.*, 950 So. 2d 537, 542 (Fla. 4th DCA 2007) (noting the following to be shocking or unconscionable: "retention of 50% of the purchase price paid as a deposit by a vendee in default" and "liquidated damages of over 55% of the purchase price") (cleaned up[3]).[4]

---

[2] In its objections, Reliable presents a hypothetical scenario that would have resulted in Reliabill's receiving $144,000 in income from Nova for the months of June, July, August, September, October 2019 and "future." The import of this hypothetical is difficult discern. Regardless, nowhere does Reliabill contend these figures or projections are applicable to the actual facts of this case.

[3] The Court uses (cleaned up) to indicate that internal quotation marks, alterations, or citations have been omitted from quotations. *See, e.g.*, *Durham v. Rural/Metro Corp.*, 955 F.3d 1279, 1285 (11th Cir. 2020).

[4] In a footnote within its objections, Reliabill asks to "be afforded the opportunity to conduct discovery and attempt to prove its actual damages at trial." (Pl.'s Objs. at 9 n. 5.) The Court

Accordingly, the Court mostly **adopts** Judge Torres's report and recommendations (**ECF No. 19**), **granting** Reliabill's motion (**ECF No. 14**), **in part**, and **denying** it, **in part** as follows:

1. The Court awards Reliabill **$8,627.32** in compensatory damages.
2. The Court denies, without prejudice, Reliabill's request for fees and costs, directing it to file a separate motion for fees and costs as provided for under the parties' contract and the Local and Federal Rules.
3. The Court denies Reliabill's request for liquidated damages, finding that provision of the parties' contract unenforceable. Because the Court finds the liquidated damages amount grossly disproportionate to any actual damages Reliabill has alleged, the Court declines to adopt that part of Judge Torres's report regarding the unascertainability of damages.

The Court will separately enter judgment in this case once Reliabill's claim for fees and costs has been resolved. The Court directs the Clerk to **mail** a copy of this order to the Defendant at the address listed below.

The Court directs the Clerk to **administratively close** this case. Any pending motions are denied as moot.

**Done and ordered** in chambers, at Miami, Florida on June 22, 2020.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy via U.S. mail to:*
**Nova Vitae Treatment Centers, Inc.**
5985 Topanga Blvd.
Woodland Hills, CA 91367

---

declines to consider Reliabill's argument when it was not presented to the magistrate judge in the first instance. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge"); *see also Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (parties must take before the magistrate judge "not only their best shot but all of their shots") (cleaned up). Furthermore, the Court notes Reliabill has not alleged these actual damages in its complaint.